UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CHARLES JORDAN,

                                   Plaintiff,

-against-

CITY OF NEW YORK and JOHN/JANE DOE # 1 – 12,

                                   Defendants.

**ANSWER**

15-CV-6364 (TPG)

JURY TRIAL
DEMANDED

------------------------------------------------------------------------ x

        Defendant City of New York ("the City" or "Defendant"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to plaintiff's complaint, dated August 12, 2015, respectfully alleges, upon information and belief, as follows:

        1.     Admits that plaintiff purports to bring this action as stated therein, and denies the remaining allegations set forth in paragraph 1 of the complaint.

        2.     Admits that plaintiff purports to bring this action as stated therein, and denies the remaining allegations set forth in paragraph 2 of the complaint.

        3.     Admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein and denies the remaining allegations set forth in paragraph 3 of the complaint.

        4.     Admits that plaintiff purports to base venue as stated therein and denies the remaining allegations set forth in paragraph 4 of the complaint.

        5.     Paragraph 5 of the complaint is a jury demand to which no response is required.

        6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

        7.     Admits the allegations set forth in paragraph 7 of the complaint.

8. Admits that the City maintains a police department, respectfully refers the Court to the New York City Charter for a complete and accurate description of the relationship between the City of New York and the New York City Police Department, and denies the remaining allegations set forth in paragraph 8 of the complaint.

9. Denies the allegations set forth in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. Refers all questions of law to this Court and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the complaint.

12. Refers all questions of law to this Court and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the complaint.

13. Admits that plaintiff purports to sue certain unidentified officers in their individual and official capacities and denies the remaining allegations set forth in paragraph 13 of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Admits that on December 5, 2012, Mr. Charles Jordan ("Jordan") was present at 1456 Townsend Avenue, Bronx, NY 10452, and denies the remaining allegations set forth in paragraph 15 of the complaint.

16. Denies the allegations set forth in paragraph 16 of the complaint.

17. Denies the allegations set forth in paragraph 17 of the complaint.

18. Admits that police officers searched the apartment pursuant to a valid search warrant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the complaint.

19. Denies the allegations set forth in paragraph 19 of the complaint.

20. Denies the allegations set forth in paragraph 20 of the complaint.

21. Denies the allegations set forth in paragraph 21 of the complaint.

22. Admits that Jordan was placed under arrest and denies the remaining allegations set forth in paragraph 22 of the complaint.

23. Denies the allegations set forth in paragraph 23 of the complaint.

24. Denies the allegations set forth in paragraph 24 of the complaint.

25. Admits that Jordan's arrest was approved and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the complaint.

26. Denies the allegations set forth in paragraph 26 of the complaint.

27. Denies the allegations set forth in paragraph 27 of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint.

29. Denies the allegations set forth in paragraph 29 of the complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint.

32. Denies the allegations set forth in paragraph 32 of the complaint.

33. Denies the allegations set forth in paragraph 33 of the complaint.

34. Defendant repeats and realleges the responses to paragraphs 1 - 33 of the complaint as if fully set forth herein.

35. Denies the allegations set forth in paragraph 35 of the complaint.

36. Denies the allegations set forth in paragraph 36 of the complaint.

37. Defendant repeats and realleges the responses to paragraphs 1 - 36 of the complaint as if fully set forth herein.

38. Denies the allegations set forth in paragraph 38 of the complaint.

39. Denies the allegations set forth in paragraph 39 of the complaint.

40. Defendant repeats and realleges the responses to paragraphs 1 - 39 of the complaint as if fully set forth herein.

41. Denies the allegations set forth in paragraph 41 of the complaint.

42. Denies the allegations set forth in paragraph 42 of the complaint.

43. Defendant repeats and realleges the responses to paragraphs 1 - 43 of the complaint as if fully set forth herein.

44. Denies the allegations set forth in paragraph 44 of the complaint.

45. Denies the allegations set forth in paragraph 45 of the complaint.

46. Denies the allegations set forth in paragraph 46 of the complaint.

47. Denies the allegations set forth in paragraph 47 of the complaint.

48. Defendant repeats and realleges the responses to paragraphs 1 - 47 of the complaint as if fully set forth herein.

49. Denies the allegations set forth in paragraph 49 of the complaint.

50. Denies the allegations set forth in paragraph 50 of the complaint.

51. Denies the allegations set forth in paragraph 51 of the complaint.

52. Denies the allegations set forth in paragraph 52 of the complaint.

53. Denies the allegations set forth in paragraph 53 of the complaint.

54. Defendant repeats and realleges the responses to paragraphs 1 - 53 of the complaint as if fully set forth herein.

55. Denies the allegations set forth in paragraph 55 of the complaint.

56. Denies the allegations set forth in paragraph 56 of the complaint.

57. Denies the allegations set forth in paragraph 57 of the complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the complaint.

59. Denies the allegations set forth in paragraph 59 of the complaint.

60. Defendant repeats and realleges the responses to paragraphs 1 - 59 of the complaint as if fully set forth herein.

61. Denies the allegations set forth in paragraph 61 of the complaint.

62. Denies the allegations set forth in paragraph 62 of the complaint.

63. Denies the allegations set forth in paragraph 63 of the complaint.

64. Defendant repeats and realleges the responses to paragraphs 1 - 63 of the complaint as if fully set forth herein.

65. Denies the allegations set forth in paragraph 65 of the complaint.

66. Denies the allegations set forth in paragraph 66 of the complaint.

67. Denies the allegations set forth in paragraph 67 of the complaint.

68. Denies the allegations set forth in paragraph 68 of the complaint.

69. Denies the allegations set forth in paragraph 69 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

70. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

71. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

72. Defendant has not violated any rights, privileges or immunities secured to the plaintiff under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

74. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

75. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

76. Plaintiff failed to mitigate his alleged damages.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims may be barred in whole or in part by his failure to comply with the provisions of the New York City General Municipal Laws.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

78. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

79. Punitive damages are not recoverable against the City.

**WHEREFORE**, defendant the City of New York demands judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 12, 2016

> ZACHARY W. CARTER
> Corporation Counsel of the
>   City of New York
> *Attorney for Defendant City*
> 100 Church Street
> New York, New York 10007
> (212) 356-2671
>
> By: _____
>     Joanne M. McLaren
>     *Assistant Corporation Counsel*

To:  **VIA ECF**
     Gregory Mouton, Esq.
     *Attorney for Plaintiff*