UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-7-16
```

---

CHARLES JORDAN,

               Plaintiff,

        v.

CITY OF NEW YORK, *et al.*,

               Defendants.

15-cv-6364

**OPINION**

---

Plaintiff Charles Jordan brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants falsely arrested him for possession of his wife's prescription medication. Plaintiff has moved for default judgment. For the reasons stated below, the court denies plaintiff's motion for default judgment and vacates the Clerk of Court's entry of default.

### Background

Plaintiff commenced this action on August 12, 2015, alleging that his arrest on December 5, 2012, violated his civil rights. Defendant City of New York did not file a timely answer to the complaint. On December 11, 2015, the Clerk of Court entered a Certificate of Default as to the City. Also on December 11, 2015, plaintiff moved for default judgment against the City. The City's opposition to plaintiff's motion for default

1

judgment was due on December 18, 2015.  The City did not file a timely opposition to plaintiff's motion for default judgment.  On December 29, 2015, the City wrote to the court to request additional time, until January 12, 2016, for the City to respond to plaintiff's motion for default judgment.  The court approved that request.  On January 12, 2016, the City filed its opposition to plaintiff's motion for default judgment as well as an answer to the complaint.  On January 20, 2016, plaintiff filed its reply brief.  The court now must decide whether to grant plaintiff's motion for default judgment.

## Discussion

Following the entry of default by the court clerk under Rule 55(a), a court may order a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).  The decision to grant a motion for a default judgment lies in the sound discretion of the district court.  *Shah v. N.Y. St. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999).  The court may also "set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).

The Second Circuit has advised district courts to consider three criteria in deciding whether a default judgment should be granted or an entry of default vacated: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

"In this circuit, there is a strong 'preference for resolving disputes on the merits.'" *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12-cv-52 (JPO), 2013 WL 1809637, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Enron Oil Corp.*, 10 F.3d at 95). Moreover, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

*Willfulness*

The first factor used to determine whether to grant a default judgment or vacate an entry of default is whether the default was willful. The Second Circuit has interpreted "willfulness," in the context of a default, to refer to conduct that is more than merely negligent or careless. *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). The "court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* Here, the City's failure to respond to the complaint has been satisfactorily explained. The City has stated that its failure to answer arose as a result of a personal circumstance of its attorney who was previously handling the case. When that attorney took a leave of absence, and the case was assigned to a new attorney, the new attorney alerted the court to the situation. The court finds that the City was not

willful in failing to answer the complaint.   Therefore, this first factor favors vacating the entry of default.

*Prejudice*

The second factor used to determine whether to grant a default judgment or vacate an entry of default is whether setting aside the default would prejudice the party for whom default was awarded.  In his reply brief, plaintiff argues that he may be prejudiced because the statute of limitations has now run on his claims and he will thus be unable to replace John Doe defendants with named defendants.

Plaintiff is correct that the statute of limitations has now run on his claims.   Because § 1983 does not provide a specific statute of limitations, the court applies the statute of limitations for personal injury actions under state law.  *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013).  Section 1983 actions filed in New York are subject to a three-year statute of limitations.  *Id.*; N.Y. C.P.L.R. § 214.  Here, plaintiff claims that his arrest on December 5, 2012, violated his rights.  Accordingly, plaintiff had until December 5, 2015, to file his suit.   While plaintiff filed his complaint on August 12, 2015, before the statute of limitations had run, he was unable to list the individual officer defendants by name, instead listing the individual defendant as John/Jane Doe # 1-12.   "Generally, John Doe pleadings cannot be used to circumvent statutes of limitations because replacing a John Doe with a named party in effect constitutes a change in the party sued." *Hogan*, 738 F.3d at 517 (internal quotations

4

marks and citation omitted).  Therefore, plaintiff may replace the John Doe defendants with named defendants only if the amended pleading relates back to the date of the original complaint under Federal Rule of Civil Procedure 15(c).  *See id.*  So in order to determine whether plaintiff will be prejudiced by vacatur of his default, the court must look to whether an amended complaint naming the individual defendants would relate back to the date of the original complaint.

Rule 15(c)(1)(C) provides the federal standard for relation back.  *Hogan*, 738 F.3d at 517.  For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C):

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, *but for a mistake of identity*, the original action would have been brought against it; and . . . (4) the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan*, 738 F.3d at 517 (quoting *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468–69 (2d Cir. 1995)).  "[L]ack of knowledge of a John Doe defendant's name does not constitute a 'mistake of identity.'"  *Hogan*, 738 F.3d at 518 (quoting *Barrow*, 66 F.3d at 470).  Accordingly, plaintiff here would be unable to replace the John Doe defendants with named defendants under the federal standard for relation back.

However, even where a plaintiff's claims do not relate back under the federal standard of Rule 15(c)(1)(C), Rule 15(c)(1)(A) permits an amended pleading to relate back when "the law that provides the applicable statute of limitations allows relation back."  Because § 1983 derives its statute of limitations from state law, the court looks to New York state law's relation back doctrine.  New York state law "provides a more forgiving principle of relation back in the John Doe context, compared to the federal relation back doctrine under Rule 15(c)(1)(C)." *Hogan*, 738 F.3d at 518.  Here, the applicable state law is § 1024 of the New York Practice Law and Rules ("CPLR"), which states:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known.  If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

Under CPLR § 1024, a plaintiff may substitute a named party for a John Doe party *nunc pro tunc* if the plaintiff meets two requirements: a plaintiff must (1) exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name, and (2) describe the John Doe party in such form as will fairly apprise the party that he is the intended defendant.  *Hogan*, 738 F.3d at 518–19.

Due diligence "requires that a plaintiff show that he or she made timely efforts to identify the correct party before the statute of limitations

6

expired." *Ceara v. Deacon*, 68 F. Supp. 3d 402, 409 (S.D.N.Y. 2014) (internal quotation marks and citation omitted).  Because plaintiff does not address this issue in his briefing, the court is unable to determine whether he exercised due diligence to identify the defendants by name.

Likewise, until plaintiff actually attempts to replace the John Doe defendants with named defendants, the court cannot determine whether plaintiff meets the second § 1024 requirement of having described the John Doe party in such form as to fairly apprise the named party that he or she was the intended defendant.  However, the court does note that the complaint lists the date and location of the arrest that forms the basis of the action, so it seems likely that an officer involved in plaintiff's arrest would know that he or she was an intended defendant.

In sum, the court cannot determine whether an amended complaint would relate back such that plaintiff would be able to replace the John Doe defendants with named defendants.  Therefore, the court cannot determine whether plaintiff would be prejudiced by the vacatur of the default.  The second factor, then, favors neither granting default judgment nor vacating the entry of default.

### Meritorious Defense

The third factor used to determine whether to grant a default judgment or vacate an entry of default is whether the moving party has presented a meritorious defense.  "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to

support his defense.   The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp.*, 10 F.3d at 98.   Having reviewed the briefs and accompanying materials submitted by the City, the court is convinced that the City has meritorious defenses.   For example, the City argues that plaintiff's arrest was supported by probable cause, and thus, plaintiff suffered no denial of a constitutional right.   If proven, this constitutes a complete defense.   *See Boyd v. City of N.Y.*, 336 F.3d 72, 75 (2d Cir. 2003).   Therefore, the third factor favors vacating the entry of default.

## Conclusion

The court finds that the City's default was not willful and that the City has presented a meritorious defense.   The court also finds that it cannot determine whether plaintiff will be prejudiced by setting aside the default.   Because two of the three factors cited by the Second Circuit favor vacating the default and because of the Second Circuit's preference against defaults, the courts finds that there is good cause to set aside the default.

The court denies plaintiff's motion for default judgment and vacates the Clerk's entry of default.   This opinion resolves the motion numbered 10 on the docket.

SO ORDERED.

Dated:  New York, New York
        April 7, 2016

_____
Thomas P. Griesa
U.S. District Judge