UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| CHARLES JORDAN, | FIRST AMENDED COMPLAINT |
| Plaintiff, | |
| -against- | 15 Civ. 6364 (TPG) (HBP) |
| CITY OF NEW YORK, POLICE OFFICER EDWARD CARRASCO, CAPTAIN JAMES ORELLANA, SERGEANT MICHAEL MELENDEZ, SERGEANT DARREN MELHADO, POLICE OFFICER DENIS REGIMBAL, POLICE OFFICER WILFREDO BENITEZ, POLICE OFFICER ALEXIS DEJESUS, SERGEANT MARITZA GARAY, POLICE OFFICER JOHN DOOLEY, and POLICE OFFICER JESSICA ECHEVARRIA, | JURY TRIAL DEMANDED |
| Defendants. | |

------------------------------------------------------------------------x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff's rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Charles Jordan ("Mr. Jordan") is a resident of the County of Bronx, State of New York.

7. Defendant City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Police Officer Edward Carrasco ("Carrasco") was an officer, employee, and/or agent of Defendant City of New York.

11. At all times relevant herein, Defendant Carrasco was acting within the scope of his employment with Defendant City of New York.

12. At all times relevant herein, Defendant Carrasco was acting under color of state law.

13. Defendant Carrasco is sued in his individual and official capacities.

14. At all times relevant herein, Defendant Captain James Orellana ("Orellana") was an officer, employee, and/or agent of Defendant City of New York.

15. At all times relevant herein, Defendant Orellana was acting within the scope of his employment with Defendant City of New York.

16. At all times relevant herein, Defendant Orellana was acting under color of state law.

17. Defendant Orellana is sued in his individual and official capacities.

18. At all times relevant herein, Defendant Sergeant Michael Melendez ("Melendez") was an officer, employee, and/or agent of Defendant City of New York.

19. At all times relevant herein, Defendant Melendez was acting within the scope of his employment with Defendant City of New York.

20. At all times relevant herein, Defendant Melendez was acting under color of state law.

21. Defendant Melendez is sued in his individual and official capacities.

22. At all times relevant herein, Defendant Sergeant Darren Melhado ("Melhado") was an officer, employee, and/or agent of Defendant City of New York.

23. At all times relevant herein, Defendant Melhado was acting within the scope of his employment with Defendant City of New York.

24. At all times relevant herein, Defendant Melhado was acting under color of state law.

25. Defendant Melhado is sued in his individual and official capacities.

26. At all times relevant herein, Defendant Police Officer Denis Regimbal ("Regimbal") was an officer, employee, and/or agent of Defendant City of New York.

27. At all times relevant herein, Defendant Regimbal was acting within the scope of his employment with Defendant City of New York.

28. At all times relevant herein, Defendant Regimbal was acting under color of state law.

29. Defendant Regimbal is sued in his individual and official capacities.

30. At all times relevant herein, Defendant Police Officer Wilfredo Benitez ("Benitez") was an officer, employee, and/or agent of Defendant City of New York.

31. At all times relevant herein, Defendant Benitez was acting within the scope of his employment with Defendant City of New York.

32. At all times relevant herein, Defendant Benitez was acting under color of state law.

33. Defendant Benitez is sued in his individual and official capacities.

34. At all times relevant herein, Defendant Police Officer Alexis Dejesus ("Dejesus") was an officer, employee, and/or agent of Defendant City of New York.

35. At all times relevant herein, Defendant Dejesus was acting within the scope of her employment with Defendant City of New York.

36. At all times relevant herein, Defendant Dejesus was acting under color of state law.

37. Defendant Dejesus is sued in her individual and official capacities.

38. At all times relevant herein, Defendant Sergeant Maritza Garay ("Garay") was an officer, employee, and/or agent of Defendant City of New York.

39. At all times relevant herein, Defendant Garay was acting within the scope of her employment with Defendant City of New York.

40. At all times relevant herein, Defendant Garay was acting under color of state law.

41. Defendant Garay is sued in her individual and official capacities.

42. At all times relevant herein, Defendant Police Officer John Dooley ("Dooley") was an officer, employee, and/or agent of Defendant City of New York.

43. At all times relevant herein, Defendant Dooley was acting within the scope of his employment with Defendant City of New York.

44. At all times relevant herein, Defendant Dooley was acting under color of state law.

45. Defendant Dooley is sued in his individual and official capacities.

46. At all times relevant herein, Defendant Police Officer Jessica Echevarria ("Echevarria") was an officer, employee, and/or agent of Defendant City of New York.

47. At all times relevant herein, Defendant Echevarria was acting within the scope of her employment with Defendant City of New York.

48. At all times relevant herein, Defendant Echevarria was acting under color of state law.

49. Defendant Echevarria is sued in her individual and official capacities.

## STATEMENT OF FACTS

50. On December 5, 2012, Mr. Jordan and was lawfully present at 1456 Townsend Avenue, Bronx, NY 10452 ("Subject Location").

51. The individual defendants forcibly entered Mr. Jordan's apartment located at the Subject Location.

52. The individual defendants tackled and forced Mr. Jordan to the ground and began to punch and kick him, causing bruising to Mr. Jordan's head and body.

53. The individual defendants searched the apartment, recovering medication which contained oxycodone and acetaminophen.

54. The individual defendants confronted Mr. Jordan with the medication and asked him why he was in possession of a controlled substance.

55. Mr. Jordan told the individual defendants that the medication was "Percocet" and that it belonged to his wife, Linda Boyd, who had a prescription for the medication.

56. Linda Boyd, who was present, told the individual defendants that the medication belonged to her, that she had a prescription for the medication, and where the bottle the medication came in was inside the apartment.

57. Despite the foregoing, the individual defendants placed Mr. Jordan under arrest.

58. No contraband or illegal items were found in Mr. Jordan's apartment.

59. Mr. Jordan's arrest was without probable cause.

60. Mr. Jordan's arrest was approved at the Subject Location by one of the individual defendants who was the supervising officer at the scene.

61. The individual defendants spoke with the Bronx County District Attorneys' Office, individually and collectively lying to the Bronx County District Attorney's Office that Mr. Jordan and had violated New York Penal Law §§ 220.03.

62. 49. Based on these fabricated allegations, the Bronx County District Attorney's Office forwarded to Defendant Carrasco a Criminal Court Complaint.

63. The Criminal Court Complaint was reviewed and then signed by Defendant Carrasco.

64. When reviewing and signing the Criminal Court Complaint, Defendant Carrasco knew the allegations contained therein to be false.

65. The executed Criminal Court Complaint was then forwarded by Defendant Carrasco to the Bronx County District Attorney's Office.

66. Legal process was issued against Mr. Jordan and, and Mr. Jordan and was subsequently arraigned.

67.     During the pendency of the criminal proceeding, the individual defendants forwarded false evidence to the Bronx County District Attorney's Office, *inter alia*, arrest reports, complaint reports, evidence vouchers, and property vouchers.

68.     Mr. Jordan and suffered damage as a result of Defendants' actions.  Mr. Jordan and was deprived of liberty, suffered emotional distress, physical injury, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to reputation.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

69.     Mr. Jordan repeats and re-alleges each and every allegation as if fully set forth herein.

70.     Defendants, by their conduct toward Mr. Jordan as alleged herein, violated Mr. Jordan's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

71.     As a direct and proximate result of this unlawful conduct, Mr. Jordan sustained the damages herein alleged.

## SECOND CAUSE OF ACTION
*False Arrest*

72.     Mr. Jordan repeats and re-alleges each and every allegation as if fully set forth herein.

73.     The individual defendants violated the Fourth and Fourteenth Amendments because they arrested Mr. Jordan without probable cause.

74.     As a direct and proximate result of this unlawful conduct, Mr. Jordan sustained the damages herein alleged.

### THIRD CAUSE OF ACTION
*Excessive Force*

75. Mr. Jordan repeats and re-alleges each and every allegation as if fully set forth herein.

76. The individual defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Mr. Jordan.

77. As a direct and proximate result of this unlawful conduct, Mr. Jordan sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION
*Denial of Substantive Due Process*

78. Mr. Jordan repeats and re-alleges each and every allegation as if fully set forth herein.

79. The individual defendants created false evidence against Mr. Jordan.

80. The individual defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's Office.

81. In creating false evidence against Mr. Jordan, and in forwarding false evidence to prosecutors, the individual defendants violated Mr. Jordan's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

82. As a direct and proximate result of this unlawful conduct, Mr. Jordan sustained the damages herein alleged.

### FIFTH CAUSE OF ACTION
*Malicious Abuse of Process*

83. Mr. Jordan repeats and re-alleges each and every allegation as if fully set forth herein.

84. The individual defendants issued and/or caused to be issued legal process to place Mr. Jordan under arrest.

85. The individual defendants arrested Mr. Jordan in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up the unreliableness of their confidential information/undercover officer, to obtain future search warrants, and to justify the search warrant they obtained to enter Mr. Jordan's apartment.

86. The individual defendants pursued these collateral objectives after issuance of legal process by, *inter alia*, forwarding false evidence to the Bronx County District Attorney's Office and continuing to participate in the prosecution of Mr. Jordan.

87. The individual defendants acted with intent to do harm to Mr. Jordan without excuse or justification.

88. As a direct and proximate result of this unlawful conduct, Mr. Jordan sustained the damages herein alleged.

### SIXTH CAUSE OF ACTION
*Malicious Prosecution*

89. Mr. Jordan repeats and re-alleges each and every allegation as if fully set forth herein.

90. The individual defendants initiated the criminal proceedings against Mr. Jordan by issuing and/or causing to be issued legal process against Mr. Jordan.

91.     The individual defendants lacked probable cause to commence the criminal proceedings against Mr. Jordan.

92.     The individual defendants' actions were motivated by actual malice.

93.     The criminal proceedings were terminated in favor of Mr. Jordan.

94.     As a direct and proximate result of this unlawful conduct, Mr. Jordan sustained the damages herein alleged.

### SEVENTH CAUSE OF ACTION
*Failure to Intervene*

95.     Mr. Jordan repeats and re-alleges each and every allegation as if fully set forth herein.

96.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

97.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

98.     As a direct and proximate result of this unlawful conduct, Mr. Jordan sustained the damages herein alleged.

### EIGHTH CAUSE OF ACTION
*Monell*

99.     Mr. Jordan repeats and re-alleges each and every allegation as if fully set forth herein.

100.    This is not an isolated incident.  Defendant City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Mr. Jordan.

101. Defendant City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

102. Defendant City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

103. Defendant City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

104. These policies, practices, and customs were the moving force behind Mr. Jordan's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Jordan respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 10, 2015

/s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
*Attorney for Plaintiff*

305 Broadway, 14th Floor  
New York, NY  10007  
Phone & Fax: (646) 706-7481  
greg@moutonlawnyc.com

15 Civ. 6364 (TPG) (HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES JORDAN,

Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER EDWARD CARRASCO, CAPTAIN JAMES ORELLANA, SERGEANT MICHAEL MELENDEZ, SERGEANT DARREN MELHADO, POLICE OFFICER DENIS REGIMBAL, POLICE OFFICER WILFREDO BENITEZ, POLICE OFFICER ALEXIS DEJESUS, SERGEANT MARITZA GARAY, POLICE OFFICER JOHN DOOLEY, and POLICE OFFICER JESSICA ECHEVARRIA,

Defendants.

FIRST AMENDED COMPLAINT



**LAW OFFICE OF GREGORY P. MOUTON, JR., LLC**
Gregory P. Mouton, Jr., Esq., *Principal*
305 Broadway, 14th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481