UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CHARLES JORDAN,

        Plaintiff,

  -against-                                 15 Civ. 6364 (CM)

CITY OF NEW YORK, POLICE OFFICER
EDWARD CARRASCO, CAPTAIN JAMES
ORELLANA, SERGEANT MICHAEL
MELENDEZ, SERGEANT DARREN MELHADO,
POLICE OFFICER DENIS REGIMBAL, POLICE
OFFICER WILFREDO BENITEZ, POLICE
OFFICER ALEXIS DEJESUS, SERGEANT
MARITZA GARAY, POLICE OFFICER JOHN
DOOLEY, and POLICE OFFICER JESSICA
ECHEVARRIA,

        Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/18

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PROSECUTION:**

McMahon, C.J.:

On March 22, 2018, the Court issued an order directing Plaintiff to show cause why his complaint should not be dismissed for failure to prosecute. Dkt. No. 88. The Court informed Plaintiff that failure to respond to Defendants' motion by April 20, 2018 would result in a decision without opposition. Dkt. No. 88, at 2. Having received no response or explanation from Plaintiff, the Court turns to Defendants' motion to dismiss for lack of prosecution. Dkt. No. 85. For the reasons set forth below, the motion is GRANTED.

    **I.**    **Legal Standard**

Fed. R. Civ. P. 41(b) provides that, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

1

Copies mailed/faxed/handed to counsel on 5/21/18

Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits."

"Failure to prosecute is not defined in Rule 41(b). It can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics. . . . The primary rationale underlying a dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently. Plaintiff's duty to due diligence is imposed because of the strong policy favoring prompt disposition of cases." *Lyell Theatre Corp. v. Lowes Corp.*, 682 F.2d 37, 42 – 43 (2d Cir. 1982) (internal citations omitted).

The Court must examine "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the . . . efficacy of lesser sanctions." *Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176, 177 (2d Cir. 2008). However, no single factor is dispositive. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

## II. Discussion

In the March 22 order to show cause, the Court reviewed the procedural history of this case in detail, Dkt. No. 88. There is little reason to reproduce that history here. The bottom line is this: Despite Defendants' attempts to contact Plaintiff, there has been no activity in this case since November 2017, when Plaintiff's attorney moved to withdraw as counsel on the grounds that Plaintiff was refusing to cooperate with him and had cut off communication. Dkt. No. 79, at 6.

First, Plaintiff's inaction has caused a delay of significant duration. While Plaintiff's counsel withdrew from the case five months ago, his reason for withdrawing from the case was that Plaintiff had cut off all communication. This indicates that Plaintiff has been out of reach for well over five months; a more accurate measure is likely the August 11, 2017 status conference, during which the Court imposed a discovery deadline. Dkt. No. 77. In any event, Plaintiff's failure to pursue to his case in any way since the conference – notwithstanding the court's warning about the consequences of doing so – constitutes a delay of significant duration. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 211 (2d Cir. 2001) (noting that "delays of many months, in spite of repeated warnings" constitute egregious delays justifying dismissal).[1]

Second, the order to show cause gave Plaintiff advance notice that his failure to respond or otherwise explain this delay by April 20, 2018 would result in the Court deciding Defendants' motion to dismiss as unopposed. Dkt. 88, at 2. The order was sent to Plaintiff at two separate addresses, both of which were listed as belonging to Plaintiff on his attorney's motion to withdraw as counsel. Dkt. No. 79, at 2. It is Plaintiff's obligation to ensure that the Court has an address that is up to date. *See, e.g., Pratt v. Behari*, No. 11 Civ. 6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012).

Third, Defendants are likely to be prejudiced by any further delay. As they state in their motion papers, denying their request would require Defendants "to continue to defend this action without the benefit of any reliable participation by Plaintiff." Dkt. No. 86, at 5. Indeed, attempts to depose Plaintiff have already proved futile, as neither his counsel nor Defendants have been able to reach him. Dkt. No. 88, at 2.

---

[1] Notably, as Defendants point out, "[t]his case arises from an arrest and brief detention that occurred in 2012." Dkt. No. 86, at 5.

3

Fourth, as Plaintiff has not shown any intent or desire to participate in the litigation and prosecute his case, "fairness dictates that other litigants actively seeking the right to be heard should be granted preference in light of the Court's busy schedule." *Mister Softee, Inc. v. Tsirkos*, No. 14 Civ. 1975 (LTS), 2015 WL 7458619, at *7 (S.D.N.Y. Nov. 23, 2015).

Finally, the Court considers whether lesser sanctions would be "sufficient to remedy any prejudice resulting from plaintiff's delay." *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 121 – 22 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting *Drake v. Norden Sys., Inc.*, 375 F.3d 248, 257 (2d Cir. 2004)). If dismissal is appropriate on the overall record, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default." *Id.* at 122 (internal quotation marks omitted) (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)). "Courts have consistently found that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed." *Id.* (citing *Blake v. Payane*, 08 Civ. 0930 (PAC), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011); *Dong v. United States*, No. 02 Civ. 7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004); *Camara v. Daise*, No. 98 Civ. 808 (RMB), 2001 WL 263006, at *4 (S.D.N.Y. Mar. 9, 2001)).

As neither the parties nor the Court have been able to reach Plaintiff, the Court holds that dismissal is the only adequate remedy in this case.

Accordingly, Defendants' motion is GRANTED; Plaintiff's claim is dismissed for failure to prosecute. The Clerk of the Court is respectfully requested to close Dkt. No. 85 in this matter.

Dated: May 21, 2018

Chief Judge

4

BY ECF TO DEFENDANTS

BY MAIL TO *PRO SE* PLAINTIFF:
Charles Jordan
1456 Townsend Avenue, Apt. 3A
Bronx, NY, 10452

Charles Jordan
611 West Dominick Street, Apt. 4
Rome, NY 13440